UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL MUDGE, ET AL | CIVIL ACTION |
| VERSUS | NO. 14-957 |
| PLAQUEMINES PARISH COUNCIL, ET AL | SECTION "N" (4) |

## ORDER AND REASONS

Before the Court is a Motion for Remand (Rec. Doc. 8), filed by the plaintiffs, Michael Mudge, William Monie, Jr., Cindy Cole Herrmann, and Ralph Herrmann ("Plaintiffs"). The removing defendants are members of the Plaquemines Parish Council, which is composed of Byron Marinovich, Keith Hinkley, Percy Griffin, Kirk Lepine, Dr. Stuart Guey, Jr., Anthony Buras, Burghart Turner, Jeff Edgecombe, and Marla Cooper ("Defendants"). They oppose the motion. (Rec. Doc. 9).

### I. BACKGROUND

This action arises out of a local zoning decision by the Plaquemines Parish Council to grant a building permit for the construction of an oil terminal along the Mississippi River in Myrtle Grove, Plaquemines Parish, Louisiana. (Rec. Doc. 1-1). Plaintiffs are neighboring landowners who sought judicial review of the Council's decision in the Twenty-Fifth Judicial District Court for the Parish of Plaquemines. They contend that the permit violates local zoning laws and poses a threat to Plaintiffs' property and to others in the area, particularly during hurricane season. (Rec. Doc. 1-1

at ¶ VIII). The land encompassing the proposed oil storage terminal is zoned as flood plains (FP), according to the Plaquemines Parish Comprehensive Zoning Ordinance, which allows structures for residential or recreational purposes only. (Rec. Doc. 1-1 ¶ X). Plaintiffs further assert that the proposed oil storage terminal falls under the heavy industrial zoning designation (I-3) and is not permitted in the FP zone. (Rec. Doc. 1-1 ¶ X).

On April 14, 2013, Plaintiffs filed a First Supplemental and Amended Petition for Judicial Review and Writ of Mandamus, alleging that Section VI, M(1)(B) of the Plaquemines Parish Comprehensive Zoning Ordinance (the "Zoning Ordinance"), and procedures established thereunder, are unconstitutionally vague. (Rec. Doc. 1 ¶3; Rec. Doc. 8-1, pg. 1). On April 28, 2013, Defendants removed the case on grounds that the amended allegations of unconstitutional vagueness provide this Court with original jurisdiction pursuant to 28 U.S.C. § 1331. (Rec. Doc. 9).

Plaintiffs responded with the instant motion to remand, arguing that jurisdiction is lacking and that even if jurisdiction exists, the Court should abstain from exercising it based on the *Pullman* doctrine. (Rec. Doc. 8). Because the Court finds itself to be without jurisdiction, it need not address the abstention argument.

## II. LAW AND ANALYSIS

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 122 S.Ct. 459 (2001). Furthermore, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id*. Thus, in the context of actions removed from state court, the removing party bears the burden of demonstrating the federal court's jurisdiction and that removal was proper. *See Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

The removal statute must "be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007); *see also Willy v. Coastal Corporation,* 855 F.2d 1160, 1164 (5th Cir.1988) (removal raises significant "federalism concern" and must be strictly construed).

### A.     Federal Question Jurisdiction

Federal district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim arises under federal law must be determined by referring to the "well-pleaded complaint." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). This means that the federal question must appear on the face of the complaint. *See Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997). The mere fact that federal law may be involved or that there is a federal interest in the litigation is not sufficient to confer removal jurisdiction upon a federal court. *See Collins v. Merrill, Lynch, Pierce, Fenner & Smith, Inc*, 2002 WL 246558 *5 (E.D.La. 2002) (Engelhardt, J). Nor may removal be based on the mere possibility that a federal claim has been asserted. *See Carpenter v. Wichita Falls Independent School Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). Jurisdiction may not be sustained on a theory that the plaintiff has not advanced. *Id.; see also Torres*, 113 F.3d at 542.

Defendants contend that the plaintiffs' allegations of unconstitutional vagueness present a federal question for purposes of 28 U.S.C. § 1331. The Court disagrees. The amended complaint on its face does not mention the United States Constitution. It simply uses the term "unconstitutionally vague." *See* Rec. Doc. 1-3 at ¶¶ XX – XXII. The Defendants argue that it is

3

"disingenuous" for the Plaintiffs to imply that these claims are brought solely under the state constitution and not also under the United States Constitution. However, the Plaintiffs are the masters of their complaint. *Carpenter,* 44 F.3d at 366. They may choose to forego their federal claims and remain in state court. *Id.* Here, the amended complaint contains nothing to indicate that the plaintiffs' vagueness claim is in fact brought under the federal constitution. *See, e.g.*, *Richard v. Life Source Servs., LLC*, 2011 WL 3423702 *5, *report and recommendation adopted*, 2011 WL 3420633 (M.D. La. 2011) (finding no basis for removal where plaintiffs merely challenged statute as "unconstitutional" without specifying federal or state constitution). Nor is there anything else in the record which might suggest that the claim is in fact a federal one.[1] Moreover, while Defendants disparage Plaintiff's argument as "disingenuous," they fail to present any authority suggesting that the plaintiffs do not have a legitimate and viable claim under the state constitution.[2] *See Carpenter*, 44 F.3d at 366-67 (although the artful pleading doctrine may prevent removal "*when the plaintiff has no state claim at all*," it "does not convert legitimate state claims into federal ones") (emphasis in original); *Dardeau v. West Orange-Grove Consol. Indep. Sch. Dist.*, 43 F. Supp. 2d 722 (E.D.

---

[1] *Cf. Tenet Healthsystems Surgical, LLC v. Jefferson Parish Hosp. Serv. Dist. No. 1,* 2004 WL 5568592 *9 & n.1 (E.D. La. 2004) (finding removal proper where, although petition did not specify that unconstitutionality claim was brought under federal constitution, other state court filings clarified that plaintiff "affirmatively s[ought] relief under the United States Constitution as well" as the state constitution and where plaintiff's counsel at oral argument "admitted that [plaintiff] had stated an alternative ground for relief under the federal Constitution"); *Green v. Cleary Water , Sewer & Fire Dist.*, 239 F. Supp. 2d 608, 611 (S.D. Miss. 2003) ("Plaintiffs concede that a federal question is implicated on the face of the Complaint.").

[2] The Court notes that, like the federal Due Process Clause, the Louisiana Constitution of 1974 (Art. I, § 2) protects against the taking of property pursuant to a statute that is vague. *See, e.g., Connick v. Lucky Pierre's*, 331 So. 2d 431, 434 (La. 1976).

Tex. 1999) (remand required where plaintiffs had viable due process claim under Texas constitution, without necessarily invoking the federal constitution). Thus, applying the well-pleaded complaint rule, the Court can find no basis for depriving the state court of jurisdiction.

### B. Attorney's Fees

Plaintiffs also request attorney's fees and costs for Defendants' improper removal. Courts have the authority to award costs and fees incurred in remanding a case that was wrongfully removed. 28 U.S.C. § 1447. The decision whether to award fees and costs is discretionary. *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). Although ultimately unsuccessful, Defendants' basis for removal was not objectively unreasonable. Thus, the Plaintiffs' request for attorney fees and costs will be denied. Accordingly;

**IT IS ORDERED** that Plaintiffs' Motion for Remand (Rec. Doc. 8) is **GRANTED IN PART**, in that this matter is hereby **REMANDED** to the Twenty-Fifth Judicial District Court for the Parish of Plaquemines, and **DENIED IN PART**, in that the request for attorney fees is **DENIED**.

New Orleans, Louisiana, this  5th  day of August, 2014.

**KURT D. ENGELHARDT**
**United States District Judge**

5